## DORSEY v. HOLCOMB.

### No. 3122.

Court of Civil Appeals of Texas. El Paso.
Jan. 24, 1935.

Rehearing Denied Feb. 21, 1935.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

Cedric G. Hamlin, of Dallas, for appellee.

HIGGINS, Justice.

Miss Holcomb, the appellee, owned some stock in Cities Service Company and Arkansas Natural Gas. On February 17, 1933, at the instance of one T. Noonan she delivered such stock to brokers with instructions to sell same and pay the proceeds to Noonan, which was done. Noonan induced Miss Holcomb to sell the stock and deliver the net proceeds, $1,357.92, to him in payment for 512 shares of stock in El Oro Mines Company of Hillsboro, N. M. To induce Miss Holcomb to buy the mining stock, Noonan gave her a letter signed by him, the effect of which was that he agreed to rescind the sale to her of the mining stock and place her in statu quo in the event she "should receive from one E. A. Cahoon of New Mexico a letter concerning the El Oro Mines that contained information relative to said mine or mining venture that would reflect in any manner, shape or form on the personnel of said company, its financial set up or in any other way so reflect in the mind of you, Beulah Holcomb, the idea that your investment is not safe and sound and thereby caused you displeasure."

The mining stock delivered by Noonan had been issued to and stood in the name of appellant, James A. Dorsey, and bore his indorsement in blank.

Miss Holcomb made inquiry of E. A. Cahoon and received a letter from him which was not favorable. Upon the refusal of Dorsey to rescind, she brought this suit against him to enforce rescission, alleging that he was the undisclosed principal of Noonan in the transaction between herself and Noonan.

She based her suit upon the contract evidenced by Noonan's letter to her, with additional allegations of false and fraudulent representations made by Noonan inducing her to purchase. Her testimony fails to show any right of rescission for fraud because it shows she relied upon the letter which Noonan gave in making the purchase rather than upon his representations.

The only question submitted inquired whether Noonan was the agent of Dorsey in the matter of the sale of the mining stock to plaintiff. Accompanying the question was a proper definition of "agent" to which no exception was taken. Upon an affirmative answer to the question submitted, judgment was rendered in plaintiff's favor for said sum of $1,357.92.

Opinion.

The entire statement of facts has been examined, and we regard as without merit the assignment which asserts the evidence is insufficient to support the finding made by the jury. There is no direct evidence to show that Noonan was Dorsey's agent in the transaction, but the circumstances reflected by the record are sufficient to raise the issue and support the finding that Noonan was Dorsey's agent.

The mining stock was in Dorsey's name, bore his indorsement in blank, and title passed from him to Miss Holcomb. The check for the proceeds of the sale of Miss Holcomb's other stock was deposited in bank to Dorsey's credit, who paid to Noonan a fee or commission of $300 for the services rendered in effecting the sale, together with an additional sum of $167 to be paid to one Brewster, who aided Noonan in effecting the sale to plaintiff. These and other suspicious facts and circumstances reflected by the record raised the issue submitted and supports the finding made. In our opinion the jury was well warranted in disregarding the testimony of Noonan, Brewster, and Dorsey to the effect that Noonan in fact represented a Mr. Allaun in making the sale and that Dorsey merely loaned the stock to Allaun to enable Allaun to complete the sale to Miss Holcomb. Allaun was not called to testify.

The only controverted issue of fact upon which plaintiff's right to recover depended under the contract evidenced by Noonan's letter was whether Noonan was the agent of Dorsey in making the sale of the mining stock, for which reasons those assignments are overruled which complain of the failure to submit other issues and which assert the finding

made above was insufficient to support the judgment in plaintiff's favor.

█ The point presented by the seventh assignment is overruled because under the contract plaintiff was entitled to recover the price she paid for the mining stock.

Other assignments complain of the admission of evidence. Some of this evidence was incompetent and should have been excluded, but upon consideration of the entire record we are of the opinion it did not affect the finding upon the controlling issue of agency vel non of Noonan which was the only controverted controlling issue of fact in the case.

We regard as harmless the incompetent evidence so admitted. Rule 62A.

Affirmed.